HUSSON v. SIRE et al.

(Supreme Court, General Term, Second Department.   May 14, 1894.)

ASSUMPSIT—WHEN LIES.

Plaintiff, having agreed to sell real estate to one O., went to the office of defendant, who was O.'s attorney, to complete the transaction. Defendant stated that plaintiff's property was subject to certain incumbrances, and plaintiff allowed O. to retain part of the purchase money as security against the incumbrances. *Held*, that defendant was not liable to plaintiff for the part of the sum remaining after satisfaction of the incumbrances, as he received no money from plaintiff, and made no agreement in respect to its retention by O.

Appeal from circuit court, Kings county.

Action by Joseph Husson against Albert I. Sire, impleaded with Jacob Oppenheimer.   There was a judgment in favor of defendants, and plaintiff appeals.   Affirmed.

For former report, see 19 N. Y. Supp. 135.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Jos. Husson, in pro. per. (Dennis McMahon, of counsel), for appellant.

Albert I. Sire (William L. Stone, Jr., of counsel), for respondents.

DYKMAN, J.   This is an action for the recovery of money, and the claim of the plaintiff arises out of the following facts:   In the month of April, 1886, the plaintiff and the defendant Oppenheimer made an agreement for the exchange of real property.   The plaintiff agreed to transfer certain real property in the city of Brooklyn to the defendant Oppenheimer; and the latter agreed, in consideration thereof, to transfer certain property in the city of New York to the plaintiff.   The defendant Sire is a lawyer, and was the attorney for Oppenheimer in this transaction.   The parties met at the office of Sire in May, 1886, to deliver the deeds and close the transaction, when Sire stated that a search against the property of Husson revealed the fact that the same had been sold for water taxes in the city of Brooklyn.   Husson insisted that the sales were not incumbrances, but he agreed to leave $450 of the money coming to him under the transaction as a security against any liability which might attach to the property by reason of such sales.   Husson, in his testimony, says this:

"There was coming to me on the transaction $3,594.45.   They took out $450. That left $3,144.45.   And there was an item of $55.85.   That left $3.088.60, which was paid,—$844.45 in a check, and the balance, of $2,244.15, in cash."

It thus appears that Husson paid no money to any one, and the legal effect of the transaction was to leave $450 in the hands of the defendant Oppenheimer, to secure him against any liability which might arise under or by reason of the sales for water taxes.   No money was paid for the cancellation of the sales, but there was $148 paid in settlement of a suit against Oppenheimer.   Upon the trial the complaint was dismissed, as against the defendant Sire, and the jury rendered a verdict in favor of the plaintiff against the defendant Oppenheimer.   The plaintiff has appealed from the judgment

of dismissal, and so the only question presented here is whether the defendant Sire is liable to the plaintiff for the money so retained when the transaction was closed. It must be borne in mind that Sire received no money, and entered into no agreement in respect to its retention by Oppenheimer. As he did not receive the money, the law imposed no liability upon him for its payment. The only legal obligation for its payment rested upon Oppenheimer. He had retained so much of the purchase money, or, rather, money due upon the exchange of the property. Under the agreement with the plaintiff, he was authorized to use it all, or so much as was necessary, to discharge the incumbrance. If he did not so use it, he was under obligation to pay it to the plaintiff. Such was the decision and ruling of the trial judge, and the jury gave the plaintiff a verdict against Oppenheimer. There is no legal principle that will impose liability upon the defendant Sire, under the facts of this case; and the judgment must be affirmed, with costs. All concur.